# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS R. BENNION,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No.: 4:10-cv-00139-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FRCP 59(e)**<br><br>**(Docket No. 31)** |

Currently pending before this Court is Defendant's Motion to Amend Judgment Under FRCP 59(e) (Docket No. 31).  Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  BACKGROUND

Following the February 4, 2009 hearing and the ALJ's March 25, 2009 decision denying Plaintiff's claims, on February 9, 2010, Plaintiff submitted new evidence to the Appeals Council as part of his formal Request for Review, including (1) a Functional Capacity Evaluation ("FCE") from Jay Ellis, P.T., and (2) an Independent Medical Evaluation/Opinion ("IME") from Stewart Curtis, D.O., M.P.H.  (AR 4-45).  On February 17, 2010, the Appeals Council denied Plaintiff's Request for Review.  (AR 1-3).  In its September 28, 2011 Memorandum Decision and Order relative to Plaintiff's Petition for Review (Docket No. 2), this Court questioned whether the Appeals Council evaluated the above-referenced evidence in denying Plaintiff's Request for Review, and, accordingly remanded the action on this discrete issue only.  *See* 9/28/11 MDO, pp. 18-22 (Docket No. 28) ("On remand, the Commissioner must conduct such

**MEMORANDUM DECISION AND ORDER - 1**

further administrative proceedings as are necessary to determine the effect of the FCE and IME on Petitioner's [residual functional capacity] and his ability to perform any work other than his past relevant work.").

Through the at-issue Motion, Defendant argues that, in ordering that the action be remanded, the Court committed clear errors, warranting relief under FRCP 59(e).  Specifically, Defendant contends that (1) the Appeals Council already considered the new evidence, (2) the new evidence was not material in any event, and (3) Plaintiff lacked good cause to obtain judicial relief based upon the new evidence.  *See* Def.'s Mem. in Supp. of Mot. to Am., pp. 2-14 (Docket No. 32).  Defendant therefore requests that the undersigned (1) enter an amended order and judgment denying Plaintiff's request for review, and (2) dismiss the case.  *See id*. at p. 2.

## II.  DISCUSSION

The Court understands Defendant's Motion to represent a request that the Court reconsider its September 28, 2011 Memorandum Decision and Order.  "Reconsideration of a court's prior ruling under FRCP 59(e) is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Hurst v. IHC Health Servs., Inc.*, 2012 WL 3113214, *1 (D. Idaho 2012) (quoting *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted)).  "If the motion to reconsider does not fall within one of these three categories, it must be denied." *Hurst*, 2012 WL 3113214 at *1.

Here, Defendant alleges that the September 28, 2011 Memorandum Decision and Order contains "clear errors warranting relief under [FRCP] 59(e) . . . ."  *See* Def.'s Mem. in Supp. of

**MEMORANDUM DECISION AND ORDER - 2**

Mot. to Am., p. 2 (Docket No. 32).  According to Defendant, clear error exists here because (1) the Appeals Counsel already considered the evidence at issue, (2) the evidence was not immaterial regardless, and (3) Plaintiff did not have good cause to obtain judicial relief, premised upon the new evidence.  *See id* at pp. 2-14.  Defendant has not met its burden.

A.      **The Appeals Council's Consideration of Plaintiff's New Evidence**

Speaking to situations involving new evidence submitted to the Appeals Council for the first time, 20 C.F.R. § 404.970(b) states:

> If new and material evidence is submitted, the Appeals Council . . . shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.

Defendant does not dispute that the Appeals Council was required to "consider" and "evaluate" Plaintiff's new evidence.  *See id*. at p. 4.  Instead, Defendant argues that the Appeals Council, in fact, considered such evidence before denying Plaintiff's Request for Review.  *See id*. at p. 3.  This may very well be true; however, the record does not establish as much.

While Defendant states matter-of-factly that the Appeals Council "already considered the evidence at issue" (*see id*. at p. 3), an actual examination of the "Notice of Appeals Council Action" reveals a less certain reality.  Its language states only: "In looking at your case, we considered the reasons you disagree with the decision.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (AR 1-2).  As stated previously, "there is no reference to [Plaintiff's] new evidence and although the appeals Council's otherwise seemingly boilerplate language may be intended to subsume anything and everything provided to it by [Plaintiff], it nonetheless remains unclear as to whether the Appeals

**MEMORANDUM DECISION AND ORDER - 3**

Council actually considered that new evidence."  *See* 9/28/11 MDO, p. 19 (Docket No. 28).

*Compare with Woodsum v. Astrue*, 711 F. Supp. 2d 1239, 1245 & 1250 (W.D. Wa. 2010) ("In its

decision denying plaintiff's request for review, the Appeals Council stated it had 'considered the

reasons' she disagreed with the ALJ's decision '*and the additional evidence*' submitted, but

found it did 'not provide a basis for changing the' ALJ's decision. . . . .  That is, there is no

indication in *Newton* [*v. Apfel*, 209 F.3d 448 (5th Cir. 2000)] that the failure of the Appeals

Council *consisted of anything other than the Appeals Council's failure to actually note it*

*addressed that evidence.*") (emphasis added).

     Contrary to Defendant's understandable arguments, it cannot be said to this Court's

satisfaction that the Appeals Council in this case considered and evaluated Plaintiff's new

evidence.  There is no reference to the new evidence and no reference that such evidence was

actually considered in denying Plaintiff's Request for Review – separate and distinct from any

substantive explanation of the Appeals Council's decision (which this Court does not hold is

required).  This is a fine line, indeed, but one that must be satisfied in the Court's mind before

upholding the ALJ's decision.  This is an issue that the Appeals Council could answer in short

order, by a few sentences or paragraphs, either of new cloth or a modification of what appears to

be otherwise purely boilerplate language.

     Because questions still remain as to whether the Appeals Council fulfilled its duties,

remand for the limited purposes identified in the Court's September 28, 2011 Memorandum

Decision and Order remains appropriate.  Defendant's Motion is denied in this respect.

**B.     Plaintiff's New Evidence and Materiality**

     As stated above, the Appeals Council must evaluate new and material evidence.  *See* 20

C.F.R. § 404.970(b).  Defendant agrees that, to be material, the new evidence "must bear directly

**MEMORANDUM DECISION AND ORDER - 4**

and substantially on the matter in dispute." *See* Def.'s Mem. in Supp. of Mot. to Am., p. 5 (Docket No. 32).  With this standard in mind, Defendant argues that Plaintiff's new evidence is not material because (1) "the relevant time period in this case ended on the date of the ALJ's decision, March 25, 2009," and (2) "different medical evidence obtained after an ALJ's decision is not material to the period addressed in the decision."  *See id*. (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).  This Court disagrees.

First, while it follows that evidence speaking to an altogether different time period than the one addressed within an ALJ's decision is immaterial, it does not follow that the relevant time period ends as of the date of that decision as Defendant now contends.  *See* Def.'s Mem. in Supp. of Mot. to Am., p. 5 (Docket No. 32).  *Bruton* does not stand for such a proposition. There, the district court concluded that the plaintiff's second application for benefits (submitted and awarded while the district court considered the denial of the plaintiff's first application for benefits) was not material because the second application "involved different medical evidence, a different time period, and a different age classification."  *See Bruton*, 268 F.3d at 827. Nowhere in *Bruton* is there a suggestion that the relevant time period for determining the materiality of new evidence ceases once the ALJ issues a decision.

Second, the FCE and IME – even if  "different" evidence than what had previously been submitted to the ALJ – nonetheless speak to the issues addressed in the ALJ's underlying decision.  In contrast, *Bruton* involved evidence that did not relate to the plaintiff's original disability claims that were before the district court.  *See id*.  In other words, Defendant's arguments in this respect would preclude the consideration of any new evidence simply because it was (by virtue of it being new) different.  The Court will not make such a ruling here; indeed,

**MEMORANDUM DECISION AND ORDER - 5**

20 C.F.R. § 404.970(b)'s explicit reference to "new" evidence and the Appeals Council's corresponding duty to evaluate such evidence conflicts with Defendant's arguments.

Petitioner's new evidence is sufficiently material, particularly when recognizing that a basis for the ALJ's decision involved an "assessment of the opinion evidence" concerning Petitioner's conditions.  (AR 105).  In addition to opinion evidence available to the ALJ at the time of he hearing, the FCE addresses Petitioner's "pain report," "quality of movement," and "limitations" (AR 11-45); likewise, the IME discusses Petitioner's "diagnoses," "impairments," "prognosis," and "work capacity" (AR 5-10).  These materials were not available to the ALJ when considering Petitioner's claims for disability and, had they been, could have affected the ALJ's determination.  Whether such materials actually affect the underlying determination is not for this Court to resolve here.

## C.     Plaintiff's New Evidence and Good Cause

Defendant, citing *Mayes v. Massanari*, 276 F.3d 453, 461-62 (9th Cir. 2001), argues that, to merit judicial relief, Plaintiff must show that his evidence was new and material and that he had good cause for not submitting it earlier.  *See* Def.'s Mem. in Supp. of Mot. to Am., p. 7 (Docket No. 32).  Except, this is the standard for review of evidence that has been submitted for the first time to federal court contained in the Social Security Act.  *See* 42 U.S.C. § 405(g) (stating in relevant part that remand may be ordered "for further [administrative] action," but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."); *see also Brent v. Astrue*, 2010 WL 3521788, *5 (C.D. Cal. 2010) ("While Section 404.970(b) dictates the proper procedure for the Appeals Council to follow in deciding whether to review a case in light

**MEMORANDUM DECISION AND ORDER - 6**

of the submission of new evidence, Section 405(g) – which, unlike the aforementioned regulation, requires a showing of 'good cause' for the belated submission of new evidence – governs 'judicial review' of new evidence *submitted for the first time to the district court*. This Court will not superimpose the 'good cause' requirement of Section 405(g) onto the Appeals Council's review of new evidence pursuant to Section 404.970(b).") (emphasis in original, internal citations omitted). In *Mayes*, the Ninth Circuit applied the standard set forth in 40 U.S.C. § 405(g), but expressly stated it did not have to decide whether good cause "is required for submission of new evidence to the Appeals Council, as [the claimant] conceded in her briefs that good cause was indeed required." *Mayes*, 276 F.3d at 461, n.[1]

In other words, separate and apart from judicial relief, to merit remand (as is the situation here)[2], no authority has been provided to this Court requiring Plaintiff to show good cause for not submitting the FCE and IME earlier. The undersigned generally agrees with Defendant that, if good cause *is* required, Plaintiff likely has not established it in this case as he has not shown why either report could not have been discovered prior to the hearing, but then were somehow

---

[1] Similarly, in *Woodsum* (*see* supra), the district court – noting the Ninth Circuit's express statement in *Mayes* that it had not decided if a demonstration of good cause was even required – pointed out that neither party had addressed the issue. *See Woodsum*, 711 F. Supp. 2d at 1251. In addition, because defendant had not argued that a showing of good cause was required, the Court would presume defendant did not believe such a showing was necessary, at least in that case. *Id*. Accordingly, the district court in *Woodsum also* did not actually determine that a showing of good cause was required to warrant remand.

[2] Said another way, the undersigned is neither saying that Plaintiff is entitled to disability benefits given what is contained within the new evidence or that the Appeals Council incorrectly denied Plaintiff's Request for Review. Rather, at this point, and based upon the existing record to date, it is unclear whether, in fact, the Appeals Council considered and evaluated the new evidence as is required. If it did (and the record reflected as much), there would be no reason in the Court's mind to depart from the ALJ's decision. Until then, however, remand is appropriate to address this uncertainty.

**MEMORANDUM DECISION AND ORDER - 7**

obtained subsequent thereto.  Still, absent such a requirement, coupled with what the Court

determines to be new and material evidence, the Court still finds it appropriate to remand the

action on this discrete issue only.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT Defendant's Motion to

Amend Judgment Under FRCP 59(e) (Docket No. 31) is DENIED.



DATED:  **September 10, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**